UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE
     Plaintiff,

v.

JAMES ATTERBERRY, MARIANNE
SAMPER, and JOHN RUBITSCHUN
     Defendants.                    Case No. 06-12634

_____/

                                       Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

Plaintiff, a pro se prisoner, filed this action pursuant to 42 U.S.C. Section 1983 on June 15, 2006, against Defendants, all of whom are members of the Michigan Parole Board. Plaintiff's complaint alleges Defendants violated his constitutional rights during the events that led to the denial of Plaintiff's parole. Before this Court are two separate motions: (1) Defendants' Motion to Transfer Venue to Western District of Michigan; and (2) Plaintiff's Motion to Amend Complaint.

On July 19, 2006, Defendants filed a motion to transfer venue to the Western District of Michigan arguing that all of Plaintiff's claims arose in and all Defendants are located in the Western District of Michigan, and therefore, transfer of venue is appropriate pursuant to 28 U.S.C. Sections 1391(b) and 1404, Federal Rule of Civil Procedure 12(b)(3), and Eastern District of Michigan Local Rule 83.10. On July 27, 2006, Plaintiff filed a motion to amend his complaint without attaching the amended pleading.

## I. Defendants' Motion to Transfer Venue

1

The appropriate venue of an action is determined by statute.  28 U.S.C. Section

1391(b) states in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship
> may, except as otherwise provided by law, be brought only in (1) a judicial district
> where any defendant resides, if all defendants reside in the same State, (2) a judicial
> district in which a substantial part of the events or omissions giving rise to the claim
> occurred . . . .

28 U.S.C. § 1391(b).  State or public officials reside in the county where they serve.  *See*

*O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Furthermore, 28 U.S.C. Section

1404(a) states: "[f]or the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might

have been brought."  "Under 28 U.S.C. § 1404(a), a district court 'has broad discretion to

grant or deny [a] motion to transfer a case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th

Cir. 1994) (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)).

All Defendants in this matter reside in Ingham County, Michigan.  Furthermore, all

claims asserted by Plaintiff arose from alleged acts occurring at the Michigan Parole

Board, also located in Ingham County.  The material events in denying Plaintiff's parole

occurred in Ingham County, and it is the likely location of pertinent documents and

witnesses.  The only connection to the Eastern District of Michigan alleged in Plaintiff's

complaint is the fact that Plaintiff resided at the Parr Highway Correctional Facility

during the alleged commission of the underlying events giving rise to this lawsuit.  The

decision to deny parole, however, took place in Ingham County.

The United States District for the Western District of Michigan is the proper venue

and more convenient forum for this action.  All Defendants reside in, and all claims

alleged by Plaintiff took place in, Ingham County, Michigan.  Furthermore, Ingham

County lies in the Southern Division of the Western District of Michigan.  *See* 28 U.S.C §

102(b)(1).

## II.  Plaintiff's Motion to Amend Complaint

Plaintiff moved to amend the complaint on July 27, 2006.  The motion, however,

did not include a copy of Plaintiff's amended complaint.  Eastern District of Michigan

Local Rule 15.1 provides: "[a] party who moves to amend a pleading shall attach the

proposed amended pleading to the motion."  Furthermore, although Plaintiff indicated in

his response to Defendants' motion to transfer that new defendants residing in the Eastern

District of Michigan will be added, this intention was made known to the Court after

Defendants filed their motion to transfer.  Because Plaintiff failed to attach a copy of the

proposed amended complaint, Plaintiff's motion to amend complaint shall be denied.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to transfer to the Western District of

Michigan is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend complaint is

**DENIED WITHOUT PREJUDICE.**

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Darrin LaPine
# 305535
Ojibway Correctional Facility
N5705 Ojibway Road
Marenisco, MI 49947
Diane Smith, Esq.

3